## MONTGOMERY WARD & CO. v. HAMMER.
### No. 6007.

Circuit Court of Appeals, Ninth Circuit.
March 3, 1930.

Wilbur, Beckett, Howell & Oppenheimer, of Portland, Or., for appellant.

Collier, Collier & Bernard, of Portland, Or., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

Having suffered a personal injury while he was employed in appellant's place of business at Portland, Or., the plaintiff (appellee), a minor, brought this suit to recover damages. It is conceded by both parties that in the complaint are averments which, if true, would warrant a recovery under either the Oregon Employers' Liability Act (Or. L. §§ 6785–6791, as amended) or the common law; and, further, that to recover under the Liability Act some facts must be shown in addition to those requisite to the statement of a common-law cause of action. Upon the other hand, it is also conceded that the common-law defenses of assumption of risk and contributory negligence are not available to a defendant in a suit based exclusively upon the Liability Act. In its instructions the court below, apparently inferring or assuming that plaintiff was relying upon the Liability Act alone, called to the attention of the jury the elements of such a cause of action and advised them that unless by a preponderance of the evidence plaintiff established a case meeting all of such requirements, their verdict must be for the defendant. Defendant took no exceptions to the instructions given, but did except to the declination of the court to give its requested instructions correctly explaining the doctrine and rules of assumption of risk and contributory negligence.

It may be that the plaintiff could have complained because of the failure to recognize the common-law cause of action and to submit the issues involved therein. But obviously when the court in effect withdrew from the jury consideration of that alleged ground for recovery, defendant could not properly insist upon instructions touching defenses pertaining exclusively thereto; under the theory upon which the case was submitted to the jury these defenses had no place.

No other question is presented by the assignments, and accordingly the judgment is affirmed.